IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCINE KAPIOLANI FERREIRA, ) ) Petitioner, ) ) vs. ) ) ) ESTELA DERR, WARDEN, ) ) Respondent. ) _____ ) | CIV. No. 22-00539 SOM-WRP ORDER DENYING FRANCINE KAPIOLANI FERREIRA'S PETITION UNDER 28 U.S.C. § 2241 |

**ORDER DENYING FRANCINE KAPIOLANI FERREIRA'S
PETITION UNDER 28 U.S.C. § 2241**

**I.    INTRODUCTION.**

Francine Kapiolani Ferreira seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming the warden of her facility, FDC Honolulu, as the Defendant.[1]  *See* ECF No. 1.  She argues that the Bureau of Prisons ("BOP") inaccurately calculated her release date by not factoring in her Earned Time Credits ("ETCs"), as required by the First Step Act ("FSA"), and her "1/3 Elderly Offender Credits."  *See id.*; *see also* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  The BOP contends that Ferreira failed to exhaust administrative remedies.  The court

---

[1] Ferreira identifies Estelle Derr as her warden.  However, according to page 3 of the Inmate Admission & Orientation Handbook (updated May 2, 2022) for FDC Honolulu, the warden is Estela Derr.  *See* https://www.bop.gov/locations/institutions/hon/hon_ao_handbook.pdf (last visited April 10, 2023).  This court therefore refers to Estela Derr when referring to the warden of FDC Honolulu.

concludes that Ferreira has failed to exhaust her administrative remedies and denies her petition on that ground.

**II.        BACKGROUND.**

Ferreira was arrested on October 25, 2021.  She was detained without bail until she pled guilty to an Information charging her with a methamphetamine crime and was subsequently sentenced.  *See* ECF Nos. 7, 8, 11, 18, 23, 27, Crim. No. 22-00051 SOM.  On December 7, 2022, the court sentenced Ferreira to 60 months of imprisonment, 5 years of supervised release, and a $100 special assessment.  *See* ECF Nos. 44 and 45, Crim. No. 22-00051 SOM.  Ferreira, 60, is currently an inmate at FDC Honolulu and has a scheduled release date of January 23, 2026, given good time credits.  *See* https://www.bop.gov/inmateloc/ (input Register Number 12516-122) (last visited April 10, 2023).

On December 27, 2022, Ferreira filed this petition, alleging that the BOP had not properly calculated her release date to reflect her ETCs and the relief that she is entitled to as an elderly offender.  *See* ECF No. 1.  Ferreira concedes that she did not administratively exhaust her claim, but argues that she should be relieved of the exhaustion requirement because she is eligible or soon will be eligible for release to a Residential Rehabilitation Center.  *Id.*

**III.     ANALYSIS.**

Section 2241 enables those in custody to "challenge the manner, location, or conditions of [their] sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). It is a proper vehicle for challenging the BOP's calculation of an inmate's statutory release date. *See*, *e.g.*, *Keegan v. Derr*, No. CV-22-00089, 2023 WL 2403941 (D. Haw. Mar. 8, 2023) (granting in part a § 2241 petitioner's request for recalculation of his statutory release date); *Walsh v. Boncher*, 2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023) ("a petitioner may challenge computation of a prisoner's sentence by prison officials via a section 2241 petition" (quotation marks omitted)).

There is no statutory exhaustion requirement in § 2241. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *See id*. Exhaustion is not a jurisdictional prerequisite and courts are able to waive it. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Futility and irreparable harm are both legitimate bases for doing so. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Ferreira concedes that she failed to exhaust her administrative remedies before filing this petition. *See* ECF

No. 1. She argues that she should be excused from the prudential exhaustion requirement because, had she gone through that process, she would be irreparably harmed because the process would have taken her beyond her potential release date. *Id.* Certainly, there is irreparable harm when someone is made to go through an administrative process when eligible for release. *Cf. Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 778 (N.D. Cal. 2019) ("If Petitioner . . . is not a current danger to society, then every day he remains in custody without an opportunity to make this showing at a bond hearing causes him irreparable harm."). But that is not the case here. Ferreira improperly presumes that she is correct about her potential release date.

      According to Kris Robl, a Unit Manager at FDC Honolulu, Ferreira received 412 days of credit for time served as a pretrial inmate. *See* ECF No. 7-1, PageID # 30. Since her sentencing in December 2022, she has been a "holdover" inmate at FDC Honolulu, awaiting designation to a BOP facility. *Id.* Pretrial and "holdover" inmates are not entitled to FSA ETCs. 18 U.S.C. § 3632(d)(4)(B)(ii) ("A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed . . . (ii) during official detention prior to the date that the prisoner's sentence commences under section 3585(a)."); 28 C.F.R. § 523.42(a) ("An eligible inmate begins earning FSA Time Credits

4

after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served)."); Bureau of Prisons Program Statement with respect to earning and application of earned time credits, ECF No. 7-4, PageID # 52 ("Because the ability to accrue time credits begins after the inmate's current term of incarceration begins (e.g., the date the inmate arrives at or voluntar[il]y surrenders to their initially designated Bureau facility to serve their sentence), an inmate cannot earn FTCs during pretrial confinement, nor can they earn credits based on a prior incarceration."); *Brenha v. Derr*, 2023 WL 2540131, at *7 n.4  (D. Haw. Mar. 16, 2023) (noting that, under 18 U.S.C. § 3632(d)(4)(B)(ii),  pretrial detainees cannot earn time credits).  Because Ferreira has not been designated to a facility, she has not shown that she should have been receiving FSA ETCs to date such that this court should include those credits in determining whether her potential release is so immediate that she should be relieved of the administrative exhaustion requirement.

        Ferreira also argues that she should have been receiving elderly offender credits such that her potential release date is so immediate that she should be relieved of the administrative exhaustion requirement.  Again, she is mistaken. Under 34 U.S.C. § 60541(g)(5), an "eligible elderly offender" who

5

may receive such credits is defined as:

> an offender in the custody of the Bureau of Prisons–
>
> (i) who is not less than 60 years of age;
>
> (ii) who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section 20911(5) of this title), offense described in section 2332b(g)(5)(B) of Title 18, or offense under chapter 37 of Title 18, and has served 2/3 of the term of imprisonment to which the offender was sentenced;
>
> (iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);
>
> (iv) who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);
>
> (v) who has not escaped, or attempted to escape, from a Bureau of Prisons institution;
>
> (vi) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and
>
> (vii) who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

34 U.S.C. § 60541(g)(5).

Given Ferreira's age and sentence, she will meet the definition of an "eligible elderly offender" eligible for elderly credits no sooner than February 19, 2025. *See* ECF No. 7-1, PageID # 31. Ferreira has therefore failed to show that she should have been receiving elderly credits to date and that those credits should affect the determination of her potential release so immediately that she should be relieved of the administrative exhaustion requirement.

Because Ferreira has failed to show that her projected release date is sooner than January 23, 2026, Ferreira has ample time to complete the administrative exhaustion requirement. Accordingly, the court denies her 2241 petition as unexhausted.

In Ferriera's Reply, she argues for the first time that she should be relieved of the exhaustion requirement because she "was told that [she] cannot use the administrative remedies and was denied forms to appeal BOP's denial to apply my FSA ETC and Elderly Offender credits." *See* ECF No. 8, PageID # 62. She explained that, on February 13, 2023 (after this petition was filed), "BOP staff stated to inmates that none of our 2241 petitions will work." *See id.*, PageID # 63. Even if the court considered these arguments, they do not justify waiving the prudential exhaustion requirement. First, Ferreira admitted in her petition that she did not file any administrative request.

7

The court therefore questions how the BOP denied her request for credits.  Without more of an explanation as to the circumstances surrounding the purported denial of any administrative request and why she could not appeal that denial, Ferreira fails to show why the court should waive the administrative exhaustion requirement.  Second, even if some unidentified BOP employee recently told Ferreira that her § 2241 petition would be unsuccessful, Ferreira does not show that she failed to administratively exhaust because she accepted that statement.

**IV.      CONCLUSION.**

Ferreira filed this petition without first exhausting her administrative remedies.  She has identified no persuasive basis for waiving this prudential requirement.  The court denies her petition on the grounds of failure to exhaust.

The Clerk of Court is directed to terminate this action and to close this case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 11, 2023



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Ferreira v. Derr,* CIV. No. 22-00539 SOM-WRP; ORDER DENYING FRANCINE KAPIOLANI FERREIRA'S PETITION UNDER 28 U.S.C. § 2241